■ In the Matter of CITIBANK, N.A., Respondent, v PRIME MOTOR INNS LIMITED PARTNERSHIP et al., Respondents, and JOSEPH SELIG et al., Appellants. [732 NYS2d 574] —In a turnover proceeding pursuant to CPLR 5225 and 5227, Joseph Selig and Tremayne Selig appeal, and Martin W. Field separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Thomas, J.), dated June 1, 2000, as directed them and/or their custodians to turn over certain funds to the petitioner to satisfy a judgment entered against Martin W. Field.

Ordered that the order and judgment is affirmed insofar as

appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

Contrary to the appellants' contentions, the terms of the assignment in question set forth the clear and unambiguous intent of the parties to create a security interest. Therefore, the assignment was subject to the priority rules of the Uniform Commercial Code (*see, Granite Partners v Bear, Stearns & Co.,* 17 F Supp 2d 275; UCC 9-102 [1]). Further, as Citibank's execution and levy were effective in all respects, the court properly found that Citibank's rights as a lien creditor in connection with the assignment were superior to the rights of Joseph Selig (*see,* UCC 9-301 [1]). Altman, J. P., Friedmann, Schmidt and Adams, JJ., concur.